IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CT-03126-M-RJ

| | |
|---|---|
| LAWRENCE WOODARD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FEDERAL BUREAU OF PRISONS, et al., ) <br> ) <br> Defendants. ) | **ORDER** |

On May 17, 2024, federal inmate Lawrence Woodard ("plaintiff") filed *pro se* a complaint under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80. Compl. [D.E. 1].

The court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A and, for the reasons discussed below, allows the action to proceed in part.

Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1).

In Bivens, the Supreme Court "'recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (citation omitted); see Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001). To state a Bivens claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978).

Under the FTCA, the United States waives sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). A prisoner can sue under the FTCA to recover damages for personal injuries sustained during confinement in a federal prison due to the negligence of a government employee. See Millbrook v. United States, 569 U.S. 50, 53 (2013).

### Plaintiff's Complaint:

Plaintiff names as defendants: Nicholas Bell, C. Carlock, the Federal Bureau of Prisons ("BOP"), Unit Counselor Keller, L.B. Kelly, Safety Supervisor Muscle, medical provider O. Rodriguez, and Captain Wright. Compl. [D.E. 1] at 3–5.

Plaintiff alleges, *inter alia*, that: staff at F.C.I. Butner placed him in a Special Housing Unit ("SHU") cell known to be infested with bedbugs; "Mr. Muscles" [sic] directed his placement in the SHU from June 8 to 13, 2022; while in the SHU, he had no access to phone or email to contact loved ones, reading material, personal property, medical sick call, recreation, or the law library; while in the SHU, he was bitten by bedbugs which disturbed his sleep and led to hives, itching and burning skin for days; he complained about these symptoms, and "Mr. Muscles" [sic] told him medical staff would verify the issues were caused by bedbugs, but this assessment was never completed; medical staff did not see him until June 10, 2022, and he was not assessed but merely prescribed medical cream that was not delivered until June 13, 2022; and his symptoms persisted for several days after receiving the cream. Id. at 6–8.

As to his injuries, he alleges he suffered hives, rashes, and burning skin, and he still suffers from anxiety, emotional distress, and issues of trust, especially when he sees bugs. Id. at 9.

For relief, he seeks compensation for pain and suffering due to staff placing him where he would likely be exposed to bed bugs, thus leading to his injuries and ongoing issues. See id. at 10.

2

Discussion:

First, the BOP is not amenable to suit under Bivens. See FDIC v. Meyer, 510 U.S. 471, 483–86 (1994) (holding a Bivens action is unavailable against Government agencies); accord Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002), aff'd, 540 U.S. 614 (2004).

Next, the complaint, liberally construed, alleges defendant Muscle was deliberately indifferent to plaintiff's placement in a cell with bedbugs and the delay of his treatment for related medical issues. These Bivens claims are not clearly frivolous. See Carlson v. Green, 446 U.S. 14 (1980) (holding alleged Eighth Amendment violation by prison officials may be brought in a Bivens action). Accordingly, the court allows these claims to proceed against defendant Muscle.

However, the other conditions-of-confinement claims fail. See, e.g., Overton v. Bazzetta, 539 U.S. 126, 146 (2003) (holding visitation restriction did not deprive an inmate of basic necessities, or fail to protect an offender's health or safety); Lewis v. Casey, 518 U.S. 343, 351 (1996) (noting prisoners do not have an "abstract, freestanding right to a law library or legal assistance"); Hudson v. McMillian, 503 U.S. 1, 9 (1992) ("Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation" (internal quotation marks and citation omitted)); De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (noting only "extreme deprivations" – defined as a "serious or significant physical or emotional injury resulting from the challenged conditions" or a substantial risk thereof – satisfy the objective component of an Eighth Amendment conditions-of-confinement claim); Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991) (noting changes to "prisoners' location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges . . . are necessarily functions of prison

3

management that must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively."); United States v. Alkire, No. 95–7885, 1996 WL 166400, at *1 (4th Cir. Apr. 10, 1996) (per curiam) (unpublished) (noting "there is no constitutional or federal statutory right to use of a telephone while in prison.").

Next, the claims against other defendants are too threadbare to survive initial review. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Next, plaintiff's FTCA claims as to bedbug exposure and the delay of his related medical treatment also are not clearly frivolous. See Millbrook, 569 U.S. at 53; Iqbal, 556 U.S. at 676. Because the United States is the proper defendant in an FTCA suit, see 28 U.S.C. § 2679, the court will add the United States as a defendant.

Finally, the court addresses plaintiff's motion seeking a decision and appointment of counsel. See Mot. [D.E. 4]. There is no right to counsel in civil cases absent "exceptional circumstances." Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024); Whisenant v. Yaum, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court for S. Dist. Court for S. Dist. Of Iowa, 490 U.S. 296, 300 n.2 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). Exceptional circumstances exist where (1) "the plaintiff 'has a colorable claim'" and (2) "considering the claim's objective complexity and the plaintiff's subjective abilities, . . . the plaintiff 'lacks the capacity to present it.'" Jenkins, 109 F. 4th at 247 (quoting Whisenant, 739 F.2d at 162). In making this determination, a district court must assess "(1) whether the plaintiff asserts a claim

4

that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Id. at 248.

Plaintiff's surviving claims, although nonfrivolous, are not difficult, and the filings show that he can adequately present them. Further, to the extent plaintiff seeks to expedite, that aspect of the motion is mooted by this order. Accordingly, the court DENIES the motion [D.E. 4].

## Conclusion:

For the reasons discussed above, the court: DIRECTS the clerk to add the United States as a defendant; ALLOWS TO PROCEED IN PART plaintiff's Bivens claims against defendant Muscle and FTCA claims against the United States, as discussed above, but DISMISSES the other conditions-of-confinement claims; DISMISSES WITHOUT PREJUDICE the other named defendants; DENIES plaintiff's motion seeking appointment of counsel and to expedite [D.E. 4]; DIRECTS the United States Marshals Service to make service on the remaining defendants; and DIRECTS the clerk to continue management of the case.

SO ORDERED this 13th day of November, 2024.

Richard E Myers II

RICHARD E. MYERS II
Chief United States District Judge